IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CHARLA LEANN ASSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 07-00763-CV-W-NKL-SSA |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Pending before the Court is Plaintiff Charla Leann Assel's ("Assel") Social Security Complaint [Doc. # 1]. Assel seeks judicial review of the Commissioner's denial of her request for disability insurance benefits under Title II of the Social Security Act. The Administrative Law Judge ("ALJ") found that Assel was not entitled to benefits and such determination became the final decision of the Commissioner when the Appeals Council denied Assel's request for review. Assel has exhausted her administrative remedies, and jurisdiction is conferred on this Court pursuant to 42 U.S.C. § 405(g). The complete facts and arguments are presented in the parties' briefs and will be duplicated here only to the extent necessary.[1] Because the Court concludes that the ALJ failed to adequately consider Assel's severe impairments as well as the opinion of her treating physician, this matter is remanded to Defendant for further consideration.

---

[1] Portions of the parties' briefs are adopted without quotation designated.
1

**I.     Factual Background**

Born on July 19, 1965, Assel worked as a mortgage analyst and account collector between 1987 and 1995, then primarily as a loan officer until allegedly becoming disabled as a result of back pain, depression, fibromyalgia and insomnia. (Tr. 16, 17, 95). Despite testimony and medical evidence supporting a diagnosis of depression and insomnia, the ALJ focused on Assel's arthritis and back pain, noting in passing that Assel's fibromyalgia and depression were "not medically determinable impairments." (Tr. n.2). The ALJ also dismissed Assel's depression because "except for medication prescribed by a family physician, the claimant has received no treatment . . . [and] is not followed by a mental health professional and has not undergone inpatient hospitalization . . . ." (Tr. 18).

Beginning on June 7, 2005, Assel's treating physician, John Barth, D.O. ("Barth"), diagnosed Assel with depression and insomnia and prescribed anti-depressants Cymbalta and Wellbutrin. (Tr. 263-276). Assel's daughter, Amberlyn, confirmed Assel's memory difficulties and symptoms consistent with major depression including withdrawal from friendships, spontaneous weeping and inability to sleep. (Tr. 85-90). At her hearing held on July 16, 2007, Assel testified that she took Cymbalta and Wellbutrin for depression and that she had visited a mental health professional in the past and that she was scheduled to visit one on August 3, 2007. (Tr. 424-25, 432). According to Assel's SSA Adult Function Report she has a poor memory, difficulty completing tasks, following instructions and getting along with others. (Tr. 81). There is no evidence that either the

ALJ or the state disability claims manager made any effort to evaluate Assel's mental or emotional impairments or complete an RFC with mental or emotional limitations. (Tr. 300-05) (Physical RFC only).

## II.     Discussion

To establish that she is entitled to benefits, Assel must show that she was unable to engage in any substantial gainful activity by reason of a medically determinable impairment which has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 423(d) and § 1382c(a)(3)(A).

### A.     The ALJ Failed to Identify All of Assel's Severe Impairments

Despite the impairments diagnosed by Barth and testified to by Assel and others, the ALJ did not find that Assel's depression was a severe impairment within the meaning of the Social Security regulations.  (Tr. 18).  Nor did the ALJ address Assel's sleep disorder.

In the Eighth Circuit, for an impairment not to be considered "severe" within the meaning of the Social Security regulations, it can have "no more than minimal effect on [a] claimant's ability to work." *Nguyen v. Chater*, 75 F.3d 429, 431 (8th Cir. 1996).  In this case, Barth diagnosed Assel with depression and a sleep disorder.  Assel's medical records suggest that she had trouble performing everyday activities such as completing physical therapy and remembering to go places.  (Tr. 17, 88).  Given the evidence that Assel's depression and insomnia prevented basic life activities, it was unreasonable for the ALJ to find that the fact that she had not undergone inpatient hospitalization for her

3

depression, therefore, meant the depression was not severe.  Failure to get treatment for depression, standing alone, does not mean the depression has no impact on a claimant's ability to work.  Moreover, the ALJ did not address Assel's sleep disorder which may have also affected her ability to work.

### B. The ALJ Failed to Assign Proper Weight to the Medical Evidence

A treating physician's opinion is generally given controlling weight.  *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006).  Although Barth was Assel's treating physician from June 7, 2005, until her hearing, his colleague, Dr. Gilbert, originally prescribed Assel Cymbalta for pain and depression before that date.  (Tr. 422).  When taking the testimony of the vocational expert, the ALJ asked about work given Assel's memory difficulties, but not about limitations related to depression or sleep deprivation.  (Tr. 444).  In this case, the ALJ erred in failing to discuss the weight accorded to Assel's treating physicians.  As a result, the ALJ erred in determining Assel's RFC.

It is plainly erroneous for the Commissioner to claim, as he does here, that the failure to develop the record as to Assel's emotional or mental limitations is "irrelevant." (Docs. 9, 4).  The Eighth Circuit Court of Appeals requires an ALJ to consider all evidence in the record when determining a claimant's residual functional capacity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217-18 (8th Cir. 2001) (citation omitted). In determining Assel's RFC, the ALJ only passingly, and inaccurately, considered Assel's depression.  Contrary to the Commissioner's claim, Assel had been "followed" by a mental health professional to the extent that she had received a diagnosis and treatment

4

for depression in the past and had another appointment scheduled on August 3, 2007. "[A]n ALJ is permitted to issue a decision without obtaining additional medical evidence so long as other evidence in the record provides a sufficient basis for the ALJ's decision." *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995) (quoting *Naber v. Shalala*, 22 F.3d 186, 189 (8th Cir. 1994)). In this case, there is no alternative evidence to support the ALJ's disregard of Barth's diagnosis of depression and insomnia.

## III. Conclusion

Because the ALJ did not properly determine Assel's RFC and failed to take into account Assel's mental limitations, including her difficulty with depression and sleep, the decision of the Commissioner is reversed and the matter is remanded for a new administrative hearing where a proper RFC is to be determined, consistent with this order.

Accordingly, it is hereby

ORDERED that Assel's Petition [Doc. # 1] is GRANTED. The decision of the Commissioner is REVERSED and the case is REMANDED with instructions.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: May 30, 2008
Kansas City, Missouri